IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ULYSSES HOLLOWAY, JR.,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV608-108

STEVE UPTON, Warden; C.O. II KEVIN
McNEIL; L. MOYER; and JOHN
PAUL, Warden,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as Defendants Warden Steve Upton and Warden John Paul. (Doc. No. 1, p. 1). Plaintiff contends that Defendants Kevin McNeil and L. Moyer punched him, kicked him, threw him to the floor, and assaulted him while he was handcuffed. Plaintiff asserts that as a result of the assault: two of his teeth were knocked out, he suffered bruising to his face and both lips, he has trouble eating hot or cold foods, and he has tooth aches. Plaintiff contends that he was taken to Nurse Cassandra Howard, who scheduled him to dental, but he was denied medical attention. (Doc. No. 9, pp. 3-4).[1]

Plaintiff sets forth no factual allegations that either Defendant Upton or Defendant Paul is responsible for the alleged excessive use of force against him. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief."

---

[1] Plaintiff submitted an Amended Complaint. (Doc. No. 9).

FED. R. CIV. P. 8(a)(2). Plaintiff's claims against Defendants Upton and Paul should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that any claims Plaintiff asserts against Defendants Upton and Paul be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 14th day of April, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE